The last case of this morning, and that is number 18-30817, McDonnel Group v. Great Lakes Insurance. Mr. Smith. Thank you, Your Honor. Randall Smith, here for the McDonnel Group, L.L.C. The issue before this Court is one of first impression. This Court's en banc ruling in Safety National settles, for this circuit at least, that the McCarran-Ferguson Act does not authorize state law to reverse preempt the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. Indeed, Safety National finds that Louisiana Statute 22868 conflicts with the Convention and goes on to resolve that conflict in favor of the Convention. What Safety National does not reach, however, and what no case has resolved, is whether the Convention somehow supersedes the party's own contractual agreement on how to resolve a conflict. The Convention requirement of recognition of a contractual agreement to arbitrate is what we're talking about here. This case is not about this Court resolving McCarran-Ferguson v. the Convention. This Court already did that. This case is not about this Court resolving Louisiana Statute 22868 v. the Convention. This case is about whether the parties will be allowed, through freedom of contract, to govern their own resolution of conflicts within their contract. The Convention does not mandate arbitration. This is a very important point. Unlike ERISA, the cases of which are cited, many of them cited by the FLEs, ERISA, which mandates through a congressional act a set of provisions that must govern all applicable employee benefit plans. This Convention simply says, Article II, that each contracting state shall recognize an agreement in writing in which the parties undertake to submit to arbitration unless etc., etc., etc. So the Convention is not saying, like ERISA, for example, you must arbitrate all international disputes. No, it's saying if the parties agree, we're going to enforce that. But here, the policy by its own terms resolves the conflict itself by amending out the arbitration provision. Specifically, Paragraph 7 says, in the event any terms of this policy, to include an arbitration clause, are in conflict with the statutes of the jurisdiction where the insured property is located, such terms are amended to conform to the statutes. The whole idea of this Convention and the other things  where the insured property is located. Scalia. That would be true, I suppose, unless the enactment of the Convention immediately preempted all State statutes and rendered a nullity, the Louisiana statute that conflicted with it. That's it. And this is it? I mean, it's kind of dancing on the head of the pen about which came first. But if it nullified the State statute upon its enactment, then the State statute did not even exist at the time this particular policy was executed. And consequently, the arbitration provision was not amended out, but the State statute, because the State statute had no effect. I certainly understand that argument. No court has reached that. The appellees cite no authority. Well, I mean, as I say, it's a bit of an abstract argument, but it nevertheless supports, I mean, it seems to undermine your argument to some extent. Well, isn't that the argument that the Fifth Circuit accepted in that ERISA case some time ago? Well, ERISA, Your Honor, it's... I know you say it's different, but I mean, that's basically the argument that we, that our court accepted at that time. Judge G. Pulitz and Garwood. Yes. The Light case, I think you're referring to. Yes. The Light case, you had a situation where the contract simply said that to the extent that the State statute is not in conflict, it can apply, and they basically read it out because ERISA says it preempts everything. Here, the Convention does not say it preempts everything. It's not, unlike ERISA, it's forbidding a contract to apply State law. This Convention is only permitting a contract to arbitrate to be enforced. But if the parties, who are sophisticated parties here, put in their own contract, which is not in every contract, it was not in the Safety National case, it certainly wasn't discussed. If they put in their own contract, we agree that we're going to amend this out if it conflicts with the Louisiana statute. I mean, basically, though, in the first part of your argument, aren't you just challenging Safety National? Because Safety National said that the Convention did preempt the anti-arbitration provision. Only if you actually were to take the field of legal battle, so to speak, and say, which is it, the statute or the Convention? Safety National resolved that. We're not here to re-argue that. But here, we're suggesting the parties are not taking that field where a court needs to make a determination as to what preempts what, because the parties, by their own terms, are saying, if there's a conflict, here's a Lloyds policy that goes all over, and if we end up in a state where this conflicts, we default on that. We forfeit that term. We agree, as a sophisticated party, that we drop that. Surely, they're sophisticated enough to know of a Convention that was enacted decades ago, or Safety National that was decided years ago, but they had a conformity to statute in there. And this Court itself, in the Morrison v. Amway case, would — I mean, I suppose you're saying the conformity to statute is the exception to, what is it, Safeway or — Safety National. Safety National. I think, absolutely. That's the difference. That is the only difference. The only difference. That is the difference, because you don't reach a situation where a court needs to enforce an arbitration agreement, which is what the treaty calls for, when the parties have already eliminated that arbitration agreement by their own contract, by their own freedom to contract. What I was going to say before is that the Convention obviously is all about enforcing freedom to contract. That's the purpose of it, is we want to make sure that each contracting state shall recognize an agreement in writing. It's not the Federal Arbitration Act. It's not McCarran-Ferguson. It's not ERISA. It's not an act of Congress that says all such disputes must be arbitrated. No, it's a treaty, and according to Safety National, it is not reverse preempted at all. I absolutely agree. I'm not challenging that. But you don't get to the situation where you have to analyze the treaty versus the State law because the treaty is saying just enforce what the parties freely contract to. And if the parties freely contract to amend out a provision which is in conflict, then it's settled. It's done. This Convention is all about freedom of contract, and nobody can suggest that Lloyd's is unsophisticated in its form contract that it includes in there. In the Morrison v. Amway case, this Court made it clear that whether an arbitration agreement is applicable is an issue governed by ordinary State law contract interpretation, not in that case by the Federal law favoring arbitration. No, you don't get to the FAA. This Court said in Morrison you don't get to that because first you have to look at within the arbitration itself, within the agreement, is that even applicable? And here, obviously, ordinary contract interpretation says amend it out. In the event any terms are in conflict, such terms are amended to confirm to such statutes. So we don't get into a decision that Safety National made over whether there's reverse preemption or preemption. So here, the argument is very simple, and that is that this is a contract case. That's all it is and nothing more than a simple contract case. Contract case, the parties worked out among themselves. Preemption has nothing to do with it. Exactly. They worked out among themselves how they would resolve a conflict. We're not saying this is not resolving an issue by reference to a very complicated and well-thought-out en banc decision in Safety National. I mean, you totally agree that except for the conformity to statute provision, this case would be subject to the Convention? A hundred percent agree with that, under this Circuit's clear authority in Safety National. The difference is Safety National didn't have this kind of a clause, did not have a conformity to statute clause. It wasn't. That issue was reached nowhere. It wasn't discussed. And in fact, one of the motions you carried over to argument was our motion for judicial notice, just to take notice of the fact, if it's even necessary, that all the briefing in Safety National, both at the district court and in this court, attached what was described as the policy terms and that had no, nothing like this, no conformity to statute provision. And indeed, even if you didn't do that, Safety National doesn't address that, doesn't stand for that. Here, you just don't reach it. And I go back to the fact that the whole concept of the Convention was to enforce freedom of contract agreements. This agreement speaks for itself. It's very clear. Unless the Convention itself, as I said earlier, nullifies state statute opponent's enactment. I agree it's a little bit of a chicken and an egg, but I think that first you look to the contract and does it resolve it before you get in the, as I said, the field of legal battle where you're making a determination. This court should not be, the district court should not be, in our view, stepping in and doing a McCarran-Ferguson type of analysis. It's simply looking at a contract under ordinary contract interpretation and the issue is solved. And our client should be allowed to proceed in a district court on its bad faith insurance claim against the insurers rather than be forced to go to a three-arbiter paid panel in New York when appellees already agreed to amend that out. Okay. Thank you. We got it. Thank you. Mr. Morgan. How come Lloyd's group is called Great Lakes? What lake? Are we talking about the Highland Lakes or what? Your Honor, Great Lakes Insurance is actually an entity that's a subsidiary of Munich Re. So it's not a Lloyd's entity in itself. Thanks. Okay. May it please the Court. My name is Doug Morgan and I represent the appellees. You need to speak up a little bit. Yes, Your Honor. The policy here contains a written agreement to arbitrate. It's in the policy and this court, as just noted, has specifically held that the convention which applies to this agreement supersedes 22-868. And this court has also recognized that the convention is the highest law of the land and must be enforced against all prior inconsistent rules of law. The U.S. became a signatory to the convention. I mean, if the parties have said, we specifically agree that the disputes of this contract will not go or be governed by Section 2 of the Act or the convention, they could have agreed to that. Your Honor, to that point, there is zero proof or evidence in the record concerning the party's intent regarding the inclusion of this conformity clause in the policy. There is no proof. No, the intent is plainly there. They intended that the statute, that any provision of the policy would not be enforced if it was contrary to a state statute to the contrary. They agreed to that. Correct? And there is a state statute to the contrary. They agreed to that. That was their intent, to do that. Now, they may not have had the intent to actually being in on arbitration. Two points to that, Your Honor. The case law that we cited in our briefing that addressed conformity clauses specifically recognized the logic and rationale that a conformity clause does not operate or apply unless the state law that is potentially in conflict with a policy provision is even applicable in the first instance. In other words, if the state law is not applicable under the facts or is invalid through preemption, then that state law is without effect and therefore cannot create an actual conflict between that state law and the policy provision. Well, but the parties can contract around it. I mean, there's no... You don't doubt that, do you? The parties can agree. I think they can specifically agree to contract around it. Their argument is that they did, that they specifically contracted around it. And, you know, these were sophisticated lawyers that knew what the laws were. Yes, Your Honor. They do argue that it was specifically agreed to, but, you know, I will reiterate, there's no proof in the record regarding the party's intent to specifically contract around an arbitration provision. The intent is from the face of the contract. The contract has... You don't have to go outside the contract to find the intent. And I would also point out that there is no ambiguity here, so our position would be you don't even get to the party's intent. There is an arbitration provision, written arbitration provision in the contract. The wording of the arbitration provision is not ambiguous. The wording of the conformity clause is not ambiguous. The issue here is whether the conformity clause is even triggered in the first instance. And, again, we go back to the case law. From this circuit, the Fourth Circuit, and other jurisdictions that have held that conformity clauses do not operate or apply when the state law that's potentially in conflict is invalid through preemption. The ERISA cases that were mentioned earlier are one example, but there's a case from the Southern District of Florida where the court specifically addressed the FAA in connection with an arbitration provision, and they specifically held that the FAA preempted the Florida state law that the insured argued allowed them to go to court as opposed to arbitration. And they recognized that the conformity clause couldn't apply because that state law was preempted by the FAA and therefore cannot create a conflict for purposes of applying the conformity clause. And we would also argue that the rationale and approach followed by the courts that I just mentioned is supported by the wording of the clause itself. It reads, in the event any terms of this policy are in conflict with the statutes of the jurisdiction. And the words in the event and are in conflict necessarily contemplate that the conformity clause only applies in the event there's an actual conflict. So it's axiomatic for a court to first determine whether there is an actual conflict. And to do that, a court has to determine whether the state law that is potentially in conflict with the provision of the policy is even applicable under the facts or is valid under the applicable law. And as we've said before, the convention clearly applies to this arbitration provision and clearly supersedes 22868. So the state law, 22868, would be without effect and would not be able to create a conflict for purposes of applying the conformity clause. We'd also point out that McDonnell doesn't cite to any authority whatsoever in support of its position that a conformity clause can apply without first determining whether the state law that is potentially in conflict with a policy provision can apply in that circumstance. And, you know, we would argue that the failure to cite any authority in support of that position concerning the approach and analysis should constitute a waiver pursuant to Fifth Circuit precedent. They don't cite to any cases at all. They say it's a case of first impression, but there are cases from this circuit, the Fourth Circuit, and other jurisdictions that have specifically said that a conformity clause does not apply when the state law is preempted or is otherwise inapplicable. I understand that, but, I mean, do any of these cases that you are citing have the conformity of statute involved? Yes, Your Honor. They do? All of those cases deal with conformity clauses. So you're telling the court here that every case that has ever been decided that has the conformity provision in it has yielded to preemption? What I will say is that each of those cases, in each of those cases, the courts went through their preemption analysis or they went through the analysis of whether under the facts of the case the state law that was being argued even applied to the facts of that case. In other words, in one of the cases, the court ultimately determined that ERISA did not apply to preempt, but it was based on facts that aren't relevant to this situation, but the important takeaway from those cases is that a conformity clause in and of itself cannot or does not allow a court to forego the preemption analysis. What is the rationale for that? In other words, if the conformity... I mean, I can understand generally what they're saying. There's no contract involved. Is there a contract involved in that? In those cases that you're talking about? Yes, Your Honor. Is there a contract between the parties that had the conformity provision in it? This is not a conformity statute, but this is a contract that is being interpreted that you're... Yes, each of those cases involved either a contract or an insurance policy. And we would argue as well, Your Honor, that it would be illogical to allow a state law to void a provision in a policy at the inception of the policy without first determining whether that state law even applies to the case based on the facts and circumstances of the case. It just wouldn't make sense. And in our view, these cases follow that rationale and logic and apply it. And again, in our view, this logic and rationale is supported by the wording of the conformity clause itself. And in our view, McDonnell is essentially asking this court to allow a conformity clause. What is the rationale behind these cases that you are citing as authority? The basic rationale, Your Honor, is that a state law that has been preempted is inapplicable and without effect and therefore can't create a conflict. There has to be a conflict. So they're saying in effect that the parties cannot contract... cannot contract the inapplicability of a particular statute? In essence, you know, the wording of the rulings don't go...aren't that specific, but the rulings support the fact that they actually do the preemption analysis to determine whether that state law is even valid, because they recognize that a state law that's been preempted, regardless of what the parties contracted to... The argument then, basically, is that it's a policy, that a state is a matter of policy and it doesn't really resort to legal principles, but it is a matter of policy. A state statute cannot preempt a federal statute, irrespective of whether it's in the contract or not. What is the rationale? I don't think it falls into that bucket, Your Honor. What is the legal principle? The legal principle is that, again, the wording of the provision requires there to be an actual conflict. And for there to be an actual conflict, the state law has to be valid or applicable under the facts in the first place. And so, if it's preempted, based on the facts of the case, then that state law is invalid and is without effect and can't create that conflict that's required to even have the... That's relating to, I mean, I think, a question that I asked earlier. And that is that... that whenever you sit down at the bargaining table here to make the contract, the state statute is a nullity to begin with, so it never takes effect. I would argue in this instance, yes, Your Honor, you're dealing with foreign insurers where the convention clearly applies to this arbitration provision. This court and other courts have recognized that the convention as a treaty, an international treaty, is the highest law of the land and must be enforced against all... This is not unlike the ERISA cases which have held that beneficiary designations made by two parties are subject to ERISA even though they purported to be under state law or whatever. Right? Because you look to... It says in conflict with the statutes of the jurisdiction. Well, the statutes of the jurisdiction are generally speaking preempted by ERISA, and therefore there is no conflict. So, I don't... Yes, Your Honor, we would agree that there's no conflict here for purposes of applying the conformity clause. That is the point, and therefore the convention supersedes this statute, 22-868. And what I was going to say earlier is that, you know, essentially McDonald's asking this court to allow a conformity clause to circumvent an international treaty and the convention, which, again, has been recognized as the highest law of the land and must be enforced against all prior inconsistent rules of law and specifically held that this convention supersedes the very statute that McDonald argues voids the arbitration provision out of the policy. I think we have your argument. I'm not sure there's much more to say, is there? No, Your Honor, unless you have any other questions. Unless you want to go on about Safety National some more, but I... No, Your Honor. Thank you for this court's time. All right. Okay, Mr. Smith. What do you have to say about the cases that he argues specifically refute the arguments that you're making here? None involve the convention. All of them involve ERISA. What's the difference? Huge difference. ERISA mandates a set of federal law to apply no matter what the parties think, no matter what state law says on employee benefit plans. The convention here just enforces and a contractual freedom to agree to arbitrate. I think it's worth looking at Article 2. It says each contracting state shall recognize an agreement in writing under which the parties undertake to submit to arbitration. That's in Number 1. Number 2, the term agreement in writing shall include in an arbitration agreement. Number 3, the court of a contracting state when seized of an action in a matter in respect of which the parties have made an agreement within the meaning of the article shall refer the parties to arbitration unless it finds that the said agreement is null and void, inoperative or incapable of being performed. As we argue, that clause doesn't apply. It's essentially inoperative because of the conformity to statute. The treaty and the convention itself makes it clear that it's all about empowering freedom to contract. It's not about preempting contract. It's not about a Federal law preempting. It only enforces it if the agreement is proper and not, for example, inoperative. Here, it's inoperative. It's solved by the parties themselves. This is a very sophisticated party who in 2015 puts a puts in a policy of conformity to statute provision that they know is going into Louisiana, that they've been subject to many, many cases in Louisiana. As you said, Your Honor, they didn't put in there this overrides. They didn't put in there mandates. They didn't say any of that. They allowed a conformity to statute. They presented the conformity to statute provision to our client. They drafted the contract. Pelley says we didn't cite any cases. And also, when they put it in there, they put it in there. When they put their arbitration agreement, their own contractual terms in their requiring arbitration. Requiring arbitration. I mean, to the convention, which it says by request of either the parties, the case shall be arbitral. If it finds there's a valid, applicable agreement. But if, by request of the parties, it shall be arbitral. Right. But here, the parties, by virtue of their own contract, an ordinary contract interpretation, which, again, in the Morrison case And you have the Louisiana statute that says it can be arbitrated, both provision in the same contract executed at the same time. But the treaty does not strike a conformity. It does not necessarily mean that you've eliminated No, I appreciate it. It's a case of first impression. It's not been resolved. But the treaty doesn't strike the conformity to statute provision. The treaty doesn't say that, nor does Safety National say that you can't by your own contract resolve this issue. Well, but it says, the statute says, I'm sorry, the contract that you rely on says in the event any terms of this policy are in conflict with the statute and the conflict has arisen because the arbitration provision of this very same policy is in conflict with Safety National. Right. And then they go on to say such terms are amended to conform to the statutes, not such terms, such conflicts shall be referred to the courts. It's not asking for a judicial determination or a preemption analysis or a legal battle. It's simply saying if you've got this situation we default to that, we give in to that. Otherwise you're eliminating freedom to contract which is the whole purpose of the convention. The convention is simply here, that's why it's so different from those ERISA cases, it's simply allowing the freedom to contract and enforcing the agreement of the parties when there's a ballot not an inoperative. I mean that's even more complicated to me than that because you've got one party saying the term of the contract says you're going to arbitrate under federal law. Another says you're not going to arbitrate under state law. So you take the contract you've got two conflicting positions that are in conflict with one another and then if you say the state provision prevails then that is defies the principle of preemption of the earlier agreement that you've agreed to arbitrate. I mean that's Well if I can just answer that I know my time's up but we're not saying that the state law wins because it preempts the arbitration agreement. We're not saying that at all. We're just saying that as long as you've identified a conflict and Safety National makes it clear there's a conflict as long as you've identified the conflict the parties by their own terms resolve it. We're handling it in family. We don't need to go to domestic court. I'm a big supporter of freedom of contract but I'm afraid that's a bit of a shibboleth when the whole point is what does the free contract freely made and what does the free contract say? That's all I have to say. Thank you sir. The court will stand in recess until tomorrow morning.